IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 21-cr-40054-SMY |
| | ) |
| WILLIAM CARTER PRINCE, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Defendant William Carter Prince was sentenced on September 22, 2022, to 120 months' imprisonment for attempted commercial sex trafficking of a child (Count 1) and travel with intent to engage in illicit sexual conduct (Count 2) (Docs. 39, 41). Prince recently filed a *pro se* motion seeking a sentence reduction under Amendment 821 to the United States Sentencing Guidelines (Doc. 44). Pursuant to SDIL Administrative Order 362, Assistant Federal Public Defender Judith A. Kuenneke entered her appearance on Prince's behalf to determine his eligibility for a sentence reduction (Doc. 46). AFPD Kuenneke has now moved to withdraw, asserting that Prince is ineligible for a sentence reduction under Amendment 821 because he was convicted of a sex crime (Doc. 47). Prince has not filed a response to the motion.

Amendment 821 to the United States Sentencing Guidelines, related to criminal history, became effective on November 1, 2023. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified

aggravating factors. Amendment 821 is retroactive, but a court may not order the release of a defendant prior to February 1, 2024. *See* Amendment 825 to USSG § 1B1.10, effective November 1, 2023.

When considering a retroactive Guidelines amendment, the Court must first determine a defendant's eligibility for sentence modification and what amended guideline range would have been applicable to the defendant. If a new sentence is authorized under those conditions, the Court, in its discretion, may determine whether a lower sentence within the amended Guidelines range is warranted upon consideration of the factors listed in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

Prince's total offense level at sentencing was 29 and his criminal history category was I. His advisory guideline range was the statutory minimum sentence of 120 months imprisonment. Prince's Guidelines sentence range remains the same under Amendment 821 because "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b).

Accordingly, the motion to withdraw (Doc. 47) is **GRANTED** and motion to reduce pursuant to Amendment 821 (Doc. 44) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: February 16, 2024**

**STACI M. YANDLE**
**United States District Judge**