IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 21-cr-40054-SMY |
| WILLIAM CARTER PRINCE, | ) |
| Defendant. | ) |

# ORDER

**YANDLE, Chief District Judge:**

Defendant William Carter Prince was sentenced on September 22, 2022, to 120 months' imprisonment for attempted commercial sex trafficking of a child (Count 1) and travel with intent to engage in illicit sexual conduct (Count 2) (Docs. 39, 41). Prince is currently housed at Lexington FMC in Lexington, KY, and his projected release date is May 8, 2030. Now pending before the Court are Prince's motions for compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A) (Docs. 50, 51). For the following reasons, the motions are **DENIED**.

## Discussion

Section 603(b)(1) of the First Step Act permits the Court to reduce a term of imprisonment upon motion of either the Director of the BOP or a defendant for "extraordinary or compelling reasons" so long as the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1). Following a recent amendment by the Sentencing Commission, "extraordinary and compelling reasons" for compassionate release include: (1) medical circumstances, (2) "death or incapacitation of the caregiver of the defendant's minor child," (3) the defendant, while in custody, was the victim of sexual or physical abuse, or (4) "other circumstance or combination of circumstances that, when considered by themselves or

together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b). Defendants moving for compassionate release bear the burden of establishing the existence of extraordinary and compelling reasons for such release. *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Here, Prince requests compassionate release, asserting that he is doing multiple Bible study classes and has turned his life around. He seeks to go home to assist his sister in caring for their aging mother and to make amends for his wrongs.

Prince has not presented extraordinary and compelling reasons justifying his early release. His alleged rehabilitation, alone, cannot serve as a basis for early release under § 3582(c)(1)(A). *United States v. Peoples*, 41 F.4th 837, 841 (7th Cir. 2022). Moreover, the § 3553(a) factors weigh in favor of Prince's continued imprisonment. Prince has served 40 months of his 120-month sentence. Releasing him at this juncture would not reflect the seriousness of his offense, promote respect for the law, or sufficiently protect the public from further crimes by him. Accordingly, Defendant's motions for compassionate release (Docs. 50, 51) are **DENIED**.

**IT IS SO ORDERED.**

**DATED: February 18, 2026**

**STACI M. YANDLE**
**Chief United States District Judge**